```
                 UNITED STATES DISTRICT COURT
                 NORTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION
```

FILED
00 JUN -1 PM 3:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| ERIC DANIELS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. CV-98-HGD-2385-S |
| | ) |
| BIRMINGHAM-JEFFERSON COUNTY | ) |
| CIVIC CENTER AUTHORITY, | ) |
| | ) |
|     Defendant. | ) |

ENTERED
JUN 0 1 2000

## MEMORANDUM OPINION

This action is before the court on plaintiff's objections to a report entered by the United States Magistrate Judge on April 14, 2000, which recommended the dismissal of all of plaintiff's claims based on defendant's motion for summary judgment. For the reasons set forth below, plaintiff's objections are sustained in part and overruled in part.

### I. BACKGROUND

Plaintiff commenced this action in the Circuit Court of Jefferson County, Alabama, on September 2, 1998, alleging defendant was liable for violations of 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended by the Civil Rights Act of 1991, and 42 U.S.C. § 1983, relating to its failure to promote plaintiff to the position of Floor Operations Coordinator ("FOC"). Plaintiff also brought a claim for outrage

50

under the law of the State of Alabama. Defendant removed the action to this court on September 22, 1998, pursuant to 28 U.S.C. § 1441(a).

Defendant moved for summary judgment on August 16, 1999. The magistrate judge entered a report on April 14, 2000, which recommended that "defendant's Motion for Summary Judgment be **GRANTED** with respect to all claims asserted by plaintiff in this action and that this action be **DISMISSED WITH PREJUDICE**."[1] In ruling on defendant's motion for summary judgment, the magistrate judge also struck portions of the affidavit submitted by Tina Jones,[2] who was formerly employed by defendant as its Human Resources Manager.[3] Specifically, the magistrate judge concluded that Jones' "opinions that [plaintiff] was the more qualified of the two [candidates for the FOC position] and that the FOC position had nothing to do with electrical work lack any factual foundation."[4]

---

[1] Doc. No. 43, at 26 (emphasis in original).

[2] Defendant had filed a motion to strike portions of Jones' affidavit. See Doc. No. 26.

[3] Tina Jones commenced her own employment discrimination action against defendant in the Circuit Court of Jefferson County, Alabama, which was also removed to this court. See Civil Action No. CV-98-N-1828-S (Nelson, J.) (action removed on July 16, 1998). This court dismissed Jones' action without prejudice pursuant to a settlement reached by the parties, in an ordered entered on November 9, 1999. See Doc. No. 32 in Civil Action No. CV-98-N-1828-S.

[4] Doc. No. 43, at 2 n.3.

2

## II. DISCUSSION

Plaintiff objects to the magistrate judge's striking of Jones' affidavit and granting of defendant's motion for summary judgment. The court addresses those objections in turn.

### A. Tina Jones' Affidavit

Upon review of Jones' affidavit along with other relevant evidentiary submissions, this court agrees with plaintiff, and concludes that the affidavit should not have been stricken. The conclusions drawn by Jones are based on personal knowledge of the requirements and duties of the FOC position, as well as her familiarity with the work capabilities of plaintiff and Matthew Wilson, the applicant who ultimately was awarded the FOC position. Defendant's disagreement with the statements made by Jones goes to the weight that should be accorded her opinion, not its admissibility.

### B. Summary Judgment

As an initial matter, this court overrules any objection plaintiff may have lodged regarding the magistrate judge's dismissal of his outrage claim.[5] For the reasons set forth by the

---

[5] Plaintiff did not specifically argue why the magistrate judge's decision to dismiss his outrage claim should be rejected, but nonetheless concluded his memorandum with the statement that "plaintiff respectfully requests that this Honorable Court enter an order denying defendant's Motion for Summary Judgment and set the above-styled action for a full trial on its merits." Doc. No. 47, at 12.

3

magistrate judge in his report and recommendation at page 26, plaintiff's outrage claim is due to be dismissed. *See also* Michael L. Roberts & Gregory S. Cusimano, *Alabama Tort Law* § 23.1, at 810 (2d ed. 1996) (collecting cases, and observing that the facts associated with most employment discrimination claims "have been held insufficient to establish liability" for the tort of outrage).

The magistrate judge further correctly pointed out that plaintiff's remaining claims, which implicate 42 U.S.C. § 1981, Title VII, and 42 U.S.C. § 1983, must be resolved under the same legal standard. *See generally Whiting v. Jackson State University*, 616 F.2d 116, 121 (5th Cir. 1980).[6] The narrow issue for this court to resolve is whether plaintiff adduced sufficient evidence indicating that defendant's legitimate, nondiscriminatory reason for refusing to promote plaintiff to the FOC position was mere pretext for unlawful discrimination, *i.e.*, discrimination based on race. *See Combs v. Plantation Patterns*, 106 F.3d 1519, 1529 (11th Cir. 1997) (observing that "a plaintiff is entitled to survive summary judgment ... if there is sufficient evidence to demonstrate the existence of a genuine issue of fact as to the truth of each of

---

[6] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

4

the employer's proffered reasons for its challenged action"), *cert. denied sub nom. Combs v. Meadowcraft Company*, 522 U.S. 1045, 118 S.Ct. 685, 139 L.Ed.2d 632 (1998).

Defendant's "proffered reason[] for its challenged action," though stated a number of different ways, essentially comes down to its theory that it acted without discriminatory animus in awarding the FOC position to Wilson.[7] Stated differently, defendant asserts that its decision-making employee, Brian Hayden, did not take plaintiff's African-American heritage into account when selecting Wilson, a Caucasian, for the FOC position instead of plaintiff. Viewing the facts in a light most favorable to plaintiff, which is required at the summary judgment stage, this court concludes that plaintiff has proffered enough evidence to cast doubt on defendant's assertion.

First, a genuine issue of fact exists as to whether Wilson was qualified for the FOC position, as defined by the job requirements. The magistrate judge noted that the minimum qualifications for that position required not only "[a]n AA degree or higher in a business-

---

[7] In addition to claiming a lack of discriminatory animus, defendant also claimed that Wilson was the most qualified applicant for the position. Further, defendant stated that it failed to receive plaintiff's application for the FOC position before making its decision to hire Wilson. Finally, defendant stated that even if it had received plaintiff's application, it nonetheless would have hired Wilson.

5

related degree field or equivalent combination of education and experience," but also "[f]ive years of related experience in the facility operations field showing progressive positions of increasing responsibilities."[8] It is undisputed that Wilson lacked "[a]n AA degree or higher in a business-related degree field." What is disputed is whether Wilson possessed business education and experience comparable to such a degree. An additional dispute centers on whether Wilson possessed the requisite experience in the facility operations field.

The court recognizes that employers are not under a duty to select the best qualified applicant for any position. *See Smith v. Horner*, 839 F.2d 1530, 1538 (11th Cir. 1988) ("Title VII does not require an employer to hire or promote the most qualified applicant."). There nevertheless is a distinction that must be drawn between an applicant who is "qualified" and those who are not. Plaintiff contends that the job description, <u>as written</u>, disqualifies Wilson from consideration. He further argues that he is qualified for such position, based primarily on the fact that he earned a Bachelor's Degree in Business Management from the Detroit College of Business and operated a contract janitorial service for

---

[8] Doc. No. 43, at 8 (citing defendant's exhibit 9 in support of summary judgment).

approximately nine years. Plaintiff's contentions that he was qualified for the FOC position and Wilson was not may permit a fact finder to infer race-based discrimination, in light of the fact that Wilson ultimately received the promotion.

Additionally, it cannot be disputed by defendant at this stage in the proceedings that it was aware that plaintiff had applied for the FOC position. In her affidavit, Tina Jones states that she "gave Bryan Hayden the information [she] had received on all of the applicants for the FOC position in February 1997, including [plaintiff's] resume ...."[9] Nonetheless, only Wilson and David Smith, another Caucasian, were interviewed by Hayden for the FOC position. Jones' affidavit further indicates:

> I later learned that Daniels had not been interviewed. Daniels came to me and complained that he had not received an interview for the FOC position. I talked with Hayden about Daniels['] complaint and he responded that he would "handle it." I did not hear anything any[thing] further from Hayden until I received his notice of Matthew Wilson for the FOC position.[10]

Based on those facts, the court agrees with plaintiff's position that a fact finder may draw the inference that "Hayden pre-selected Wilson for the position without giving the more qualified African

---

[9] Affidavit of Tina Jones, attached as Exhibit 20 to plaintiff's evidentiary submission in opposition to summary judgment (Doc. No. 25), at ¶ 3.

[10] Id.

American candidate the chance to compete."[11]

### III. CONCLUSION

In analyzing a plaintiff's establishment of pretext at the summary judgment stage, a "district court must evaluate whether the plaintiff has demonstrated 'such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could find them unworthy of credence.'" *Combs*, 106 F.3d at 1538 (quoting *Sheridan v. E.I. DuPont De Nemours & Company*, 100 F.3d 1061, 1066-67 (3d Cir. 1996) (*en banc*) (other citation and internal quotation marks omitted)). This court finds that plaintiff has met his burden. While the fact finder may conclude that defendant's decision not to promote plaintiff was premised entirely on reasons unrelated to race (*e.g.*, Hayden's long-standing and obviously close friendship with Wilson), this court cannot say with certainty that the fact finder will not arrive at the opposite conclusion. Stated differently, plaintiff has met its burden at the summary judgment stage by showing the existence of genuine issues of material fact regarding whether race was a motivating factor in defendant's decision not to promote him to the FOC

---

[11] Doc. No. 47, at 8.

position.  *See* I Barbara Lindemann & Paul Grossman, *Employment Discrimination Law* 41 (3d ed. 1996) (observing that Civil Rights Act of 1991 clarified "that a plaintiff need establish only that race ... was a *motivating factor* in the employer's decision") (emphasis in original) (footnotes omitted).

An order consistent with this memorandum opinion shall be entered contemporaneously herewith.

DONE this **1st** day of June, 2000.

                                                  _____
                                                  United States District Judge